Hollingsworth *v.* Department of Health, et al.

Argued February 9, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Sidney I. Leabman,* with him *Stanton A. Berkowitz* and *Berkowitz & Leabman,* for appellant.

*Stephen E. Levin,* Special Assistant Attorney General and *Joyce Ullman,* Special Assistant Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, March 5, 1973:

Claimant- appellant appeals from a decision of the Court of Common Pleas which affirmed the Workmen's Compensation Board's action in sustaining the Referee who decided that claimant-appellant was not entitled to compensation under the provisions of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, as amended, 77 P.S. 1201, et seq. We must affirm.

Claimant- appellant was employed by the Commonwealth from June 9, 1965, until September 16, 1968, at the Henry R. Landis State Hospital as a stationary engineer. Prior to that time and before any employment by the Commonwealth, claimant-appellant had suffered from tuberculosis and had been treated for this disease at this hospital in 1956 and 1957, resulting in portions of one lung being removed. At the time of entering the employment of the Commonwealth in 1965, the medical examinations indicated that he did not have tuberculosis. His periodic medical examinations at the hospital continued to indicate that he did not have tuberculosis. On August 27, 1968, he was admitted to the hospital as a patient suffering from bleeding and vomiting which had begun the night before. Treatment continued which resulted in his entire right lung being removed in March of 1969.

The narrow issues presented here are whether claimant-appellant is presently suffering from tuberculosis and, if so, is his present condition the result of his exposure as an employee of the Commonwealth at Henry R. Landis State Hospital.

Claimant-appellant's doctor testified that he was suffering from a new attack of tuberculosis caused by

the new exposure. Employer-appellee's doctor testified that claimant-appellant's present illness was not tuberculosis, but rather that he was suffering from a secondary fungus infection known as aspergillus. With these two competent experts differing, the Board properly secured the testimony of an impartial expert who testified quite clearly that, in his opinion, claimant-appellant's present illness was not tuberculosis and that the current illness was not the result of working at Henry R. Landis State Hospital.

With this state of the record, it would be hard to pose a clearer case of where the Board has the discretion of selecting which testimony it will accept. It chose the position taken by its impartial expert. The lower court found that this was not an abuse of discretion and we agree.

Only one other point need be mentioned. Claimant-appellant asserts that Section 301 of The Pennsylvania Occupational Disease Act, 77 P.S. §1401, is controlling and dictates a decision in his favor. This section provides: "(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive." This position must fail for two reasons. First, the presumption is operative only if the claimant-appellant's present disability is the result of tuberculosis which the Board found is not the case here. Second, even if it were found that claimant-appellant's present disability was the result of tuberculosis, there is ample testimony supporting the Board's finding that the presumption that it was caused by his exposure at Henry R. Landis State Hospital has been overcome.

Judge KRAMER's able discussion of the law applicable to this situation in the recent decision of this Court

in *Segzda v. Jones & Laughlin Steel Corporation and Department of Labor and Industry*, 4 Pa. Commonwealth Ct. 498, 287 A. 2d 708 ( 1972), makes it unnecessary to discuss it further.

Affirmed.